UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MELONIE SPECHT,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**COMMISSIONER OF SOCIAL SECURITY,** )<br>*sued as Frank J. Bisignano,* )<br>*Commissioner of Social Security*, )<br>)<br>**Defendant.** ) | Cause No. 2:25-cv-00235-ALT |

## OPINION AND ORDER

On November 18, 2025, this Court entered an Order remanding this appeal of Plaintiff Melonie Specht's denial of Supplemental Security Income to the Social Security Administration for further proceedings. (ECF 18). On February 17, 2026, Plaintiff's counsel, Cody Marvin, filed a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (ECF 20), together with supporting documentation, seeking $6,486.35 in attorney fees for 24.4 hours of attorney work and 1.4 hours of legal assistant work (*Id*. at 3). On March 2, 2026, Defendant filed its response and does not oppose Plaintiff's request. (ECF 21).

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Here, Defendant the Commissioner of Social Security concedes that an award of $6,486.35 is appropriate. (ECF 21).

Therefore, Plaintiff's motion for attorney fees pursuant to the of EAJA (ECF 20) is GRANTED. Plaintiff is awarded $6,486.35 for attorney fees and expenses in full satisfaction of any and all claims that may be payable to Plaintiff in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Any fees paid belong to Plaintiff Melonie Specht and not Plaintiff's attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant will direct that the award be made payable to **Cody Marvin, Marvin & Associates, P.C.,** pursuant to the EAJA assignment duly signed by Plaintiff. (*See* ECF 20-3). If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record**: 630 Davis Street, Suite 300, Evanston, IL 60201**.

SO ORDERED.

Entered this 3rd day of March 2026.

/s/ Andrew L. Teel  
Andrew L. Teel  
United States Magistrate Judge